FILED
COURT OF APPEALS
DIVISION II

2013 JUL -9 AM 9: 10

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43397-4-II |
| Respondent, | |
| v. | |
| JAMES LIONEL McCLURE, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J.—James Lionel McClure appeals his conviction for second degree unlawful possession of a firearm. He argues that he did not understand the mens rea element of the crime when he entered an *Alford/Newton*[1] guilty plea. Because the information advised him of the legal elements of the crime and the factual recitation provided further notice of the knowledge element, we affirm.[2]

### FACTS

On February 3, 2009, Wal-Mart loss prevention officers observed McClure cutting open packaged merchandise and concealing the merchandise on his person. The officers confronted McClure outside the store after he exited without paying for any items. The officers detained McClure and "[d]uring the scuffle a functional .357 Magnum Revolver, loaded with six rounds" fell out of McClure's pocket. Suppl. Clerk's Papers (CP) at 37. McClure was arrested and

_____

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v. Newton*, 87 Wn.2d 363, 552 P.2d 682 (1976).

[2] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

"admitted to possessing the gun; he said he found it in some bushes in Portland." Suppl. CP at 37.

The State charged McClure with first degree attempted robbery and second degree unlawful possession of a firearm in violation of RCW 9.41.040.[3] The information alleged that McClure "did knowingly own or have in his possession or control a firearm." Suppl. CP at 35. The State later added charges for bail jumping and third degree retail theft and added a firearm enhancement to the robbery charge. It did not amend the firearm possession charge.

On April 11, 2012, McClure entered an *Alford/Newton* guilty plea to the unlawful possession of a firearm charge. The State dismissed the remaining charges and recommended a 51-month sentence. In his written statement on plea of guilty, McClure acknowledged that he received the Information. He also wrote, "That I James McClure . . . did knowingly or have [sic] in my possession or control a firearm to wit a pistol." Suppl. CP at 39. He additionally conceded that:

> [T]he State has evidence from which a jury could conclude that I had on my person or possession a firearm or pistol on Feb 3rd 2009 . . . after having been previous[ly] convicted of several felonies in Oregon which would make me guilty of the crime of unlawful poss. of a firearm in the second degree.

Suppl. CP at 46. The State submitted a statement of facts on the *Alford/Newton* plea detailing the circumstances leading to McClure's arrest.

---

[3] RCW 9.41.040(2)(a) provides, in part:
> (2)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person does not qualify under subsection (1) of this section for the crime of unlawful possession of a firearm in the first degree and the person owns, has in his or her possession, or has in his or her control any firearm:
> (i) After having previously been convicted . . . of any felony not specifically listed as prohibiting firearm possession under subsection (1) of this section . . . .

2

No. 43397-4-II

The trial court accepted McClure's *Alford/Newton* plea and sentenced him to 55 months in custody. McClure appeals his conviction.

## ANALYSIS

McClure argues that the record does not demonstrate that he understood the mens rea element of unlawful possession of a firearm and, thus, his *Alford/Newton* plea was involuntary. He seeks to withdraw his plea.

### I. Standard of Review

Generally, a defendant waives any issues not raised in the trial court. RAP 2.5(a). But a defendant may raise alleged "manifest error[s] affecting [ ] constitutional right[s]" for the first time on appeal. RAP 2.5(a)(3). An allegedly involuntary plea is the type of constitutional error that can be raised for the first time on appeal. *State v. Walsh*, 143 Wn.2d 1, 6, 17 P.3d 591 (2001). "The State bears the burden of proving the validity of a guilty plea." *State v. Ross*, 129 Wn.2d 279, 287, 916 P.2d 405 (1996).

### II. McClure's Plea

"Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent." *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390 (2004).

> In order for a guilty plea to be accepted as knowing, intelligent and voluntary, the accused must be apprised of the nature of the charge. At a minimum, "the defendant would need to be aware of the acts and the requisite state of mind in which they must be performed to constitute a crime."

*In re Pers. Restraint of Montoya*, 109 Wn.2d 270, 278, 744 P.2d 340 (1987) (citations omitted) (quoting *State v. Holsworth*, 93 Wn.2d 148, 153 n.3, 607 P.2d 845 (1980)). To obtain a conviction for second degree firearm possession, the State has the burden of proving that the possession was "knowing." *State v. Anderson*, 141 Wn.2d 357, 364-66, 5 P.3d 1247 (2000).

3

McClure here argues that he did not receive notice of the mens rea element because he only acknowledged that he "knowingly" possessed *or* "ha[d] [a firearm] in [his] possession or control" and because the court did not advise McClure of the mens rea element in open court during his *Alford/Newton* plea colloquy. Br. of Appellant at 6-7; Suppl. CP at 39. The record shows, however, that McClure was aware of the mens rea required to constitute the crime because he received a copy of the information containing the mens rea requirement prior to entering his plea. *Montoya*, 109 Wn.2d at 278. The information alleged that McClure "did knowingly own or have in his possession or control a firearm." Suppl. CP at 35; CP at 2. In his statement on plea of guilty, McClure acknowledged receiving a copy of the information. McClure additionally stated that he fully discussed his statement on plea of guilty with his attorney. We consequently hold that McClure had notice of the mens rea element before he entered his *Alford/Newton* plea. *In re Pers. Restraint of Keene*, 95 Wn.2d 203, 207-08, 622 P.2d 360 (1980).

In addition, when he was arrested, McClure admitted that he found the pistol in Portland and thereafter possessed it. During his plea colloquy, the State presented this evidence in support of McClure's *Alford/Newton* plea. This evidence "describe[s] . . . intentional, as opposed to accidental" possession of the firearm. *State v. Osborne*, 102 Wn.2d 87, 94, 684 P.2d 683 (1984). Thus, the State informed McClure of "facts gathered by the State from which a trier of fact could easily find the requisite 'knowledge.'" *Osborne*, 102 Wn.2d at 94. Accordingly, we hold that McClure's *Alford/Newton* plea was knowing, intelligent, and voluntary because the information advised him of the legal elements of the crime and the factual recitation provided further notice of the knowledge element. *Osborne*, 102 Wn.2d at 93-94.

No. 43397-4-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Hunt, J.

Bjorgen, J.

5